IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS FRANK FIGUEROA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1862-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Chris Frank Figueroa, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This resulting civil action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should deny the Section 2255 motion.

**Applicable Background**

Figueroa pleaded guilty to and was convicted of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and, on August 26, 2015, he was sentenced to 54 months of imprisonment – below the statutory maximum of 10 years of imprisonment. *See United States v. Figueroa*, No. 3:14-cr-257-L (01) (N.D. Tex.). He did not file a direct appeal. But this Section 2255 action was

timely filed no sooner than June 22, 2016, the date on which Firgueroa signed the motion.

Through that motion, Figueroa raises three claims, the first two of which are attacks on the Court's application of the sentencing guidelines. His third claim, however, concerns *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and Figueroa asserts that the *Johnson*'s holding applies to U.S.S.G. § 4B1.2's definition of "crime of violence." *See generally* Dkt. No. 2. The government filed a response in opposition to the motion, *see* Dkt. No. 7, Figueroa failed to file a reply brief, and the deadline by which to do so has expired.

## Legal Standards and Analysis

<u>Non-*Johnson* Guideline Claims [Grounds 1 and 2]</u>

> The United States Court of Appeals for the Fifth Circuit
> 
> has noted repeatedly that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing 'both "cause" for his procedural default and "actual prejudice" resulting from the error.'" *Id.* at 741-42 (quoting *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992)).

*United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

"A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." *Id.*; *accord Gray v. United States*, No. 3:13-cv-3542-L, 2014 WL 1724444 (N.D. Tex. Apr. 30, 2014); *cf.*

*Bledsoe v. United States*, Nos. 13-CV-0045-WDS & 07-CR-40021-WDS, 2013 WL 5912238, at *3 (S.D. Ill. Nov. 4, 2013) (assertions "that the Court took his status as a career offender into consideration when it imposed the below-maximum 18-month sentence ... do not represent the kind of prejudice that justifies relief under § 2255" because "'not every error is corrigible in a postconviction proceeding, even if the error is not harmless'" (quoting *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013) (even an erroneous "above-guidelines sentence" cannot "be corrected in a postconviction proceeding" when "the sentence is below the statutory maximum" (collecting cases)))).

Figueroa's first two grounds for relief are merely collateral attacks on the calculation of his guideline sentence, which was within the advisory-guideline range and well-below the statutory maximum. And he has shown neither cause nor actual prejudice to avoid a procedural default as to these claims, which were not brought on direct appeal. In sum, these claims should be denied.

*Johnson*-based Guideline Claim [Ground 3]

Figueroa also challenges his guideline sentence under *Johnson*: "*Johnson* also affects the Guidelines, namely USSG § 4B1.2's definition of 'crime of violence.' There is also a potential argument that *Johnson* could impact those sentenced under § 2K2.1(a)(2) for firearms offenses committed after two prior crimes of violence." Dkt. No. 2 at 7.

As this argument somewhat implies, the base-offense level for Figueroa's guideline sentence was determined to be 22 because he possessed a firearm "subsequent to sustaining one felony conviction of ... a crime of violence," U.S.S.G. §

-3-

2K2.1(a)(3), that "crime of violence" being a 2008 conviction for robbery in Dallas County, Texas. Section 2K2.1, the guideline provision applicable to Section 922(g)(1) offenses, incorporates the "crime of violence" definition from U.S.S.G. § 4B1.2. *See* U.S.S.G. § 2K2.1, cmt. n.1 (definitions).

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

But Figueroa clearly advocates for an extension of *Johnson* beyond the ACCA, to the advisory sentencing guidelines. And, while "it follows that an offense that is a violent felony under the ACCA is a crime of violence under § 2K2.1," *United States v. Martin*, 564 F.3d 1281, 1283 (11th Cir. 2017); *see also United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) (observing that "precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence"), an extension of *Johnson* to the advisory guidelines has been foreclosed by the Supreme Court, because, "[u]nlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely

-4-

guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause," *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 892 (2017) (concluding, equally applicable here, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for vagueness"); *cf. United States v. Kriegbaum*, ___ F. App'x ___, No. 16-51196, 2017 WL 3084410, at *1 (5th Cir. July 19, 2017) (per curiam) (where a defendant appealed, "arguing that the district court incorrectly calculated his base offense level under U.S.S.G. § 2K2.1 because his Texas robbery conviction is not a crime of violence," holding that "*Beckles* forecloses [that] argument" and, "[a]ccordingly," granting the "motion for summary affirmance").

The *Johnson*-based claim should therefore also be denied.

**Recommendation**

The Court should deny the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

-5-

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE